IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLIAM TRAMPAS WIDMYER,

      Petitioner,

v.                                              Civil Action No. 1:10cv84
                                              (Judge Keeley)

DAVID BALLARD, Warden,

      Respondent.

## ORDER DIRECTING RESPONDENT TO FILE A REPLY

The petitioner initiated this § 2254 habeas corpus petition on May 27, 2010. [Dckt. 1] On June 22, 2010, the undersigned conducted a preliminary review of the file and determined that summary dismissal was not appropriate at that time. [Dckt. 9] Therefore, the respondent was directed to show cause why the petition should not be granted. *Id.*

On July 22, 2010, the respondent filed a Motion to Dismiss Petition as Untimely and for Failure to Exhaust State Remedies. [Dckt. 13] Because the petitioner is proceeding without counsel, the Court issued a Roseboro Notice on July 27, 2010, advising the petitioner of his right to file a response to the respondent's motion. [Dckt. 15] The petitioner filed his response, and a Motion to Hold in Abeyance, on August 16, 2010. [Dckt. 17 & 18]

Pursuant to 28 U.S.C. § 2244(d)(1), an untimely § 2254 must be dismissed unless the petitioner can demonstrate grounds for equitable tolling. See Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2560 (2010) (the timeliness provision of 28 U.S.C. § 2244(d) is subject to equitable tolling). In this case, a preliminary review of the file appears to show that the petitioner's § 2254 petition is untimely. However, in his response to the respondent's motion to dismiss, the petitioner

argues, for the first time, that he is entitled to equitable tolling. [Dckt. 17] Specifically, the petitioner asserts that he was appointed five different lawyers to represent his interests on direct appeal. *Id.* at 2-8. Further, he asserts that not one of the first four of his court-appointed attorneys filed an appeal on his behalf or requested an extension of time to do so. *Id.* Thus, by the time his appeal was filed by his fifth court-appointed attorney, his appeal was out-of-time. *Id.* at 7-8. Although the West Virginia Supreme Court of Appeals granted the petitioner permission to file his appeal out-of-time, it appears that his one-year limitation period for filing for federal habeas relief had already expired. *Id.* at 8. The petitioner asserts that because he was denied effective assistance of counsel on direct appeal, he is entitled to equitable tolling of his § 2254 petition.

The undersigned finds that the timeliness of the petition must be addressed prior to an examination of the petition on the merits. Moreover, the undersigned finds that the respondent should be entitled to file a response to the petitioner's never before raised equitable tolling argument. Thus, the respondent shall have **twenty-one (21) days** from the date of this Order to file any reply he may have to the petitioner's response. Pursuant to LR PL P 11.4, surreply and surrebuttal memoranda may not be filed.

    IT IS SO ORDERED.

The Clerk is directed to send a copy of this order to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

    DATED: September 7, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE