IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLIAM TAMPAS WIDMYER,

        Petitioner,

v.                //   CIVIL ACTION NO. 1:10CV84
                              (Judge Keeley)

DAVID BALLARD, Warden,

        Respondent.

MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 105]

Pending for review is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Dkt. No. 1) filed by the pro se petitioner, William Tampas Widmyer ("Widmyer"), together with a motion for summary judgment filed by the respondent, Warden David Ballard ("Ballard") (Dkt. No. 88). Also pending is the Report and Recommendation ("R&R") of the Honorable James E. Seibert, United States Magistrate Judge, recommending that the Court grant Ballard's motion and deny and dismiss Widmyer's petition with prejudice (Dkt. No. 105).

For the reasons that follow, the Court **ADOPTS** the R&R (Dkt. No. 105), **GRANTS** the motion for summary judgment (Dkt. No. 88), **DENIES** the petition (Dkt. No. 1), and **DISMISSES** the case **WITH PREJUDICE**.

## MEMORANDUM OPINION AND ORDER ADOPTING
## REPORT AND RECOMMENDATION [DKT. NO. 105]

### I. BACKGROUND

**A.    Criminal Trial and Direct Appeal**

On January 20, 1999, a grand jury in Jefferson County, West Virginia returned a six-count indictment, charging Widmyer with (1) murder in the first degree, (2) malicious assault, (3) destruction of property, (4) breaking and entering, (5) petit larceny, and (6) possessing any vehicle knowing it to be stolen. Following a two-day jury trial, Widmyer was convicted of all charges on July 22, 1999 (Dkt. No. 88-5).

On August 30, 1999, the Circuit Court of Jefferson County ("Circuit Court") sentenced Widmyer to life without the possibility of parole (Dkt. No. 13-2). Widmyer timely filed a petition for appeal (Dkt. No. 88-10), which the Supreme Court of Appeals of West Virginia ("Supreme Court of Appeals") refused on November 1, 2000 (Dkt. No. 88-11). Widmyer did not file a petition for writ of certiorari with the Supreme Court of the United States.

**B.    Post-Conviction Proceedings**

**1. State Habeas Corpus**

On February 16, 2001, Widmyer filed a petition for post-conviction relief ("state habeas") in the Circuit Court (Dkt. No. 88-12), which denied the petition nearly five years later, on

January 3, 2006 (Dkt. No. 18-20). Thereafter, on February 6, 2006, the Circuit Court appointed counsel to perfect an appeal of this denial to the Supreme Court of Appeals. On September 4, 2009, counsel filed a motion to file an appeal out of the time, seeking to appeal the denial of Widmyer's habeas petition nearly four years late. Although the Supreme Court of Appeals granted the motion, it ultimately refused Widmyer's petition for appeal on February 11, 2010 (Dkt. Nos. 88-21; 14-3).

### 2.   § 2254 Petition

Nearly ten years after his convictions in state court, Widmyer filed his § 2254 Petition ("Petition") in this Court on February 24, 2010 (Dkt. No. 1), asserting fourteen (14) various grounds for relief. Pursuant to 28 U.S.C. § 636 and LR PL P 2, the Court referred the Petition to the magistrate judge for initial review. On July 22, 2010, Ballad moved to dismiss the Petition as both untimely and also barred for failure to exhaust available state remedies (Dkt. No. 13).

In an R&R entered on October 20, 2010, the magistrate judge recommended that the Court deny and dismiss the Petition as untimely (Dkt. No. 22). The Court rejected that recommendation on February 23, 2011, concluding that Widmyer was entitled to equitable tolling of the statute of limitations and, thus, that his

Petition had been timely filed (Dkt. No. 25). The Court further found that, while timely, the Petition included claims for relief not previously presented to the courts of West Virginia. It therefore stayed Widmyer's § 2254 Petition while he exhausted his claims in state court. Id.

### 3.   State Proceedings Following Stay

On January 26, 2013, Widmyer, by counsel, filed his second state habeas petition in the Circuit Court (Dkt. No. 88-23). Following an evidentiary hearing "on the limited, threshold issue of whether [Widmyer] knowingly and intelligently waived certain grounds in his initial habeas proceeding," the Circuit Court denied relief in a written order entered on March 12, 2014 (Dkt. No. 88-29). On May 15, 2015, the Supreme Court of Appeals affirmed the Circuit Court's decision by memorandum decision (Dkt. No. 88-33).

### 4.   Reopened § 2254 Petition

Despite granting a stay in the matter while Widmyer attempted to seek relief for his unexhausted claims in state court, this Court inadvertently dismissed the Petition with prejudice and ordered it stricken on December 10, 2013 (Dkt. No. 65). On June 4, 2015, Widmyer filed a second § 2254 petition indicating that he had fully exhausted all of his state remedies. Thereafter, the Court vacated its prior order dismissing the Petition and ordered the

MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 105]

Clerk of Court to reopen this matter (Dkt. No. 73). On May 2, 2017, Ballard answered Widmyer's Petition and also moved for summary judgment (Dkt. Nos. 87; 88).

In a second Report and Recommendation ("R&R") entered on February 16, 2018, Magistrate Judge James E. Seibert recommended that the Court grant Ballard's motion for summary judgment and deny and dismiss the Petition with prejudice (Dkt. No. 105). First, the R&R concluded that Widmyer had procedurally defaulted eight (8) of his fourteen (14) claims, specifically Grounds A, B, D, E, F, I, and J, which were unexhausted when he filed the Petition in 2010, as well as Ground N.[1] Id. at 18. Magistrate Judge Seibert further concluded that, while exhausted, Widmyer's six (6) other claims for relief lack merit. Id. at 22.

The R&R informed Widmyer of his right to file "written objections identifying the portions of the recommendation to which objection is made and the basis for such objections." Id. at 39. It further warned that the failure to do so may result in waiver of his right to appeal. Id. After receiving an extension of time in which to do so (Dkt. No. 110), Widmyer timely filed his objections to the R&R on March 8, 2018 (Dkt. No. 112).

---

[1] For consistency, the Court identifies Widmyer's claims by the alphabetic enumeration used in both the Petition and the R&R.

**MEMORANDUM OPINION AND ORDER ADOPTING**
**REPORT AND RECOMMENDATION [DKT. NO. 105]**

## II. STANDARDS OF REVIEW

### A.  <u>Pro Se</u> Pleadings

The Court must liberally construe <u>pro se</u> pleadings. <u>Estelle v.</u>
<u>Gamble</u>, 429 U.S. 97, 106 (1976); <u>Loe v. Armistead</u>, 582 F.2d 1291,
1295 (4th Cir. 1978). A court may not, however, construct the
plaintiff's legal arguments for him, nor should it "conjure up
questions never squarely presented." <u>Beaudett v. City of Hampton</u>,
775 F.2d 1274, 1278 (4th Cir. 1985).

### B.  Motion for Summary Judgment

Summary judgment is appropriate in a habeas corpus proceeding
where the "depositions, documents, electronically stored
information, affidavits or declarations, stipulations . . . ,
admissions, interrogatory answers, or other materials" establish
that "there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law." Fed. R. Civ. P.
56(a), (c)(1)(A); <u>see also</u> <u>Maynard v. Dixon</u>, 943 F.2d 407, 412 (4th
Cir. 1991). When ruling on a motion for summary judgment, the Court
reviews all the evidence "in the light most favorable" to the
nonmoving party. <u>Providence Square Assocs., L.L.C. v. G.D.F., Inc.</u>,
211 F.3d 846, 850 (4th Cir. 2000). The Court must avoid weighing
the evidence or determining its truth and limit its inquiry solely

**MEMORANDUM OPINION AND ORDER ADOPTING**
**REPORT AND RECOMMENDATION [DKT. NO. 105]**

to a determination of whether genuine issues of triable fact exist.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

## C.     Report and Recommendation

When reviewing a magistrate judge's R&R, the Court must review

de novo only the portions to which an objection is timely made. 28

U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt,

without explanation, any of the magistrate judge's recommendations

to which the prisoner does not object." Dellacirprete v. Gutierrez,

479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v.

Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those

portions of a recommendation to which no objection has been made

unless they are "clearly erroneous." See Diamond v. Colonial Life

& Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

## III. APPLICABLE LAW

Title 28 U.S.C. § 2254 permits a state prisoner to file an

application for a writ of habeas corpus to challenge his conviction

"only on the ground that he is in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2254(a). "[R]eview under § 2254(d)(1) is limited to the record

that was before the state court that adjudicated the claim on the

merits." Cullen v. Pinholster, 563 U.S. 170, 181 (2011). A court

7

**MEMORANDUM OPINION AND ORDER ADOPTING**
**REPORT AND RECOMMENDATION [DKT. NO. 105]**

may not grant a writ under § 2254 regarding a claim "adjudicated on

the merits in State court" unless the adjudication:

> (1) resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly
> established Federal law, as determined by the Supreme
> Court of the United States; or
>
> (2) resulted in a decision that was based on an
> unreasonable determination of facts in light of the
> evidence presented in the State court proceeding.

Id. § 2254(d).

A "state-court decision is contrary to" the Supreme Court's

"precedent if the state court arrives at a conclusion opposite to

that reached" by the Supreme Court "on a matter of law" or

"confronts facts that are materially indistinguishable from a

relevant Supreme Court precedent and arrives at a result opposite

to ours." Williams v. Taylor, 529 U.S. 362, 405 (2000). A state

court decision "involves an unreasonable application" of such law

if it "identifies the correct governing legal principle . . . but

unreasonably applies" it to the facts. Id. at 412. Importantly,

"unreasonable application" requires that the Court do more than

"conclude[] in its independent judgment that the relevant state

court decision applied clearly established federal law erroneously

or incorrectly." Id. at 411. Therefore, § 2254 acts to guard only

against "extreme malfunctions," such as "cases where there is no

8

**MEMORANDUM OPINION AND ORDER ADOPTING**
**REPORT AND RECOMMENDATION [DKT. NO. 105]**

possibility fair minded jurists could disagree that the state court's decision conflicts with" Supreme Court precedent. Harrington v. Richter, 562 U.S. 86, 102 (2011).

Indeed, "principles of comity and respect for state court judgment preclude federal courts from granting habeas relief to state prisoners for constitutional errors committed in state court absent a showing that the error 'had a substantial and injurious effect or influence in determining the jury's verdict.'" Richmond v. Polk, 375 F.3d 309, 335 (4th Cir. 2004) (quoting Brecht v. Abrahamson, 507 U.S. 619, 623 (1993)). Factual determinations by the state court are presumed correct, unless the petitioner proves otherwise by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); see also Sharpe v. Bell, 593 F.3d 372, 379 (4th Cir. 2010).

## IV. DISCUSSION

As noted, when reviewing a magistrate judge's R&R made pursuant to 28 U.S.C. § 636, the Court must review de novo the portions to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). Moreover, the pleadings and objections of a pro se petitioner are entitled to liberal construction. See Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017). Having conducted a de novo review of the record and Widmyer's pro se objections to the R&R, the Court concludes that the objections are without merit.

**MEMORANDUM OPINION AND ORDER ADOPTING**
**REPORT AND RECOMMENDATION [DKT. NO. 105]**

**A.   Procedural Default**

Widmyer objects at length to the R&R's recommendation that the Court dismiss certain grounds of the Petition as procedurally barred. For the most part, Widmyer fails to specifically object to the R&R's findings on procedural default instead merely arguing that he has fully exhausted those grounds.

Although exhaustion is not at issue, when liberally construed, Widmyer takes objection the R&R's reasoning regarding procedural default. See <u>DiPilato v. 7-Eleven, Inc.</u>, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009)(noting that <u>pro se</u> objections should be "accorded leniency" and "construed to raise the strongest arguments that they suggest"). In addition, he argues that, even if procedurally defaulted, his default "may be excused" as to Ground A. For the reasons that follow, the Court concludes that Widmyer procedurally defaulted grounds A, B, D, E, F, I, and J in state court, and that he has failed to establish "cause and prejudice" or a "miscarriage of justice" necessary to overcome the resulting bar to his petition.

Procedural default is an equitable doctrine that acts as a corollary to the exhaustion requirement of § 2254. <u>Dretka v. Haley</u>, 541 U.S. 386, 392 (2004). In federal habeas proceedings, the Court "will not review a question of federal law decided by a state court

if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment . . . whether the state law ground is substantive or procedural." <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991). This "adequate and independent state ground" prevents petitioners from exhausting their federal claims in state court through purposeful procedural default. <u>Id.</u> at 732.

Here, the Court previously granted a stay in the case because Widmyer had failed to exhaust all of his state remedies (Dkt. No. 25). Specifically, Widmyer had failed to raise a federal constitutional issue in the state courts regarding seven of his claims. Thereafter, Widmyer, by counsel, filed a second state habeas petition (Dkt. No. 88-23), including, among other claims, that certain grounds for relief in his first habeas proceeding were "improperly denied." <u>Id.</u> Based on this claim, Widmyer asked the Circuit Court to adjudicate the seven "improperly denied" grounds as due process violations, even though they previously had been addressed by the court in his first habeas proceeding.

Given this, the Circuit Court requested that the parties brief whether an omnibus hearing had been held on Widmyer's first habeas petition, and whether the grounds found on the <u>Losh</u> list submitted by Widmyer with his second habeas petition had been waived or

adjudicated. <u>See</u> <u>Losh v. McKenzie</u>, 277 S.E.2d 606 (W. Va. 1981).
Following an evidentiary hearing on those issues, the Circuit Court
denied Widmyer's second habeas petition by order entered on March
12, 2014 (Dkt. No. 88-29).

Having concluded that a prior omnibus habeas corpus hearing is
<u>res judicata</u> as to all matters raised and as to all matters known
or which with reasonable diligence could have been known at the
time, the Circuit Court found that Widmyer had, in fact, had an
omnibus hearing on his first habeas petition. <u>Id.</u> at 19; 22 (citing
<u>Losh</u>, 277 S.E.2d at 606). It further found that there was a valid
waiver of grounds in Widmyer's original <u>Losh</u> list, that those
matters had been addressed in the prior habeas proceeding, and that
"<u>all those matters were finally adjudicated therein, either on
their merits</u>, or through procedural default," as detailed in the
Circuit Court's 2006 order denying his first habeas petition. <u>Id.</u>
at 22 (emphasis added).

The Supreme Court of Appeals affirmed the Circuit Court's
decision by order entered May 15, 2017 (Dkt. No. 88-33). It
specifically declined to consider the Circuit Court's denial of
Widmyer's waived or previously adjudicated claims, finding that he
had not adequately briefed the issue on appeal. <u>Id.</u> at 7-8.

## MEMORANDUM OPINION AND ORDER ADOPTING
## REPORT AND RECOMMENDATION [DKT. NO. 105]

### 1.    Adequacy and Independence of State Law Ground

In Losh v. McKenzie, the Supreme Court of Appeals announced

the following rule of res judicata:

> A judgment denying relief in post-conviction habeas
> corpus is res judicata on questions of fact or law which
> have been fully and finally litigated and decided, and as
> to issues which with reasonable diligence should have
> been known but were not raised, and this occurs where
> there has been an omnibus habeas corpus hearing at which
> the applicant for habeas corpus was represented by
> counsel or appeared pro se having knowingly and
> intelligently waived his right to counsel.

Syl. Pt. 2, Losh v. McKenzie, 277 S.E.2d 606 (W. Va. 1981).

In light of this well-established authority, Widmyer cannot

argue that the procedural bar of grounds A, B, D, E, F, I, and J

was not based on an adequate and independent state law ground. See

Coleman, 501 U.S. at 729.

A state procedural rule is adequate if "firmly established and

regularly followed." Walker v. Martin, 562 U.S. 307, 316 (2011).

The rule must be firmly established and regularly applied at the

time a petitioner ran afoul of it, not when it was applied by the

state court. See Leyva v. Williams, 504 F.3d 357, 366-67 (3d Cir.

2007).  A rule is "regularly followed" if "applied consistently to

cases that are procedurally analogous," including "cases in which

the particular claim could have been raised previously but was

not." Jones v. Sussex I State Prison, 591 F.3d 707, 716 (4th Cir.

2010) (quoting <u>McCarver v. Lee</u>, 221 F.3d 583, 589 (4th Cir. 2000)).

As <u>res judicata</u> is a firmly established principle of West Virginia jurisprudence that has been consistently applied by state courts, it provided an adequate ground of support for the state court's ruling. <u>Walker</u>, 562 U.S. at 316. The doctrine of <u>res judicata</u> articulated in <u>Losh v. McKenzie</u> is firmly established because the Supreme Court of Appeals articulated it in a syllabus point nearly thirty years prior to Widmyer's first habeas petition. In West Virginia, "[s]igned opinions containing original syllabus points have the highest precedential value because the Court uses original syllabus points to announce new points of law." Syl. Pt. 1, <u>State v. McKinley</u>, 764 S.E.2d 303 (W. Va. 2014).

The decision of the state court barring Widmyer's claims also was independent of federal law. A state procedural rule is not independent if it "depend[s] on a federal constitutional ruling on the merits." <u>Stewart v. Smith</u>, 536 U.S. 856, 860 (2002). In other words, if the application of a state procedural bar such as <u>res judicata</u> is predicated on a federal constitutional ruling, it does not constitute an independent ground. <u>Foster v. Chapman</u>, 136 S.Ct. 1737, 1745-47 (2016); <u>see also</u> <u>Ake v. Oklahoma</u>, 470 U.S. 68, 75 (1985). Moreover, the Supreme Court's established presumption of federal review includes those cases not only where a state court

judgment "rest[s] primarily on federal law," but also where it "fairly appears" to be "interwoven with federal law." <u>Coleman</u>, 501 U.S. at 739.

Here, the state court did not rely on a federal constitutional ruling in its application of <u>res judicata</u>, and its discussion on the matter neither rested primarily on federal law, nor appeared to be "interwoven with" federal law (Dkt. No. 88-29 at 18-20). Because the procedural bar by the state court was based on adequate and independent state law grounds, Widmyer is not free to pursue his procedurally defaulted claims here.

## 2.    Exceptions to Procedural Default

In Ground A of the Petition, Widmyer claims that he was denied due process when the Circuit Court failed to instruct the jury that simple assault is a lesser included offense of malicious assault (Dkt. No. 1). As part of his objections, Widmyer argues that, even if he procedurally defaulted Ground A, his default "may be excused" (Dkt. No. 112).

The doctrine of procedural default illustrates the principle that "[f]ederal courts sitting in habeas . . . are not an alternative forum for trying . . . issues which a prisoner made insufficient effort to pursue in state proceedings." <u>Trevino v. Thaler</u>, 569 U.S. 413, 430 (2013) (Roberts C.J., dissenting)

15

(quoting <u>Williams v. Taylor</u>, 529 U.S. 420, 437 (2000)).
Nonetheless, a petitioner may advance procedurally defaulted claims
under § 2254 if he "can demonstrate cause for the default and
actual prejudice as a result of the alleged violation of federal
law, or demonstrate that failure to consider the claims will result
in a fundamental miscarriage of justice." <u>Coleman</u>, 501 U.S. at 750.
Widmyer, however, has demonstrated neither "cause and prejudice,"
nor "a fundamental miscarriage of justice."

"'Cause' under the cause and prejudice standard must be
something external to the petitioner, something that cannot fairly
be attributed to him . . . ." <u>Id.</u> at 753. Such an "objective factor
external to the defense" might include unavailability of the
factual or legal basis for a claim or interference by officials.
<u>Id.</u> (citing <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986)); <u>cf.</u>
<u>Talbert v. Plumley</u>, No. 3:14-cv-22222, 2015 WL 5726945, at *3
(S.D.W. Va. Sept. 30, 2015) ("An absence of reasonable diligence
will defeat an assertion of cause.") (citing <u>Hoke v. Netherland</u>, 92
F.3d 1350, 1354 n.1 (4th Cir. 1996)). "The rules for when a
prisoner may establish cause to excuse a procedural default ....
reflect an equitable judgment that only where a prisoner is impeded
or obstructed in complying with the State's established procedures
will a federal habeas court excuse the prisoner from the usual

sanction of default." <u>Martinez v. Ryan</u>, 566 U.S. 1, 13 (2012) (internal citations omitted).

As purported cause for his default, Widmyer cites the Supreme Court of Appeals' recent holding in <u>State v. Henning</u> that the crime of assault is a lesser included offense of malicious assault. Syl. Pt. 6, 793 S.E.2d 843 (W. Va. 2016). Seemingly because the Court of Appeals' decision in <u>Henning</u> comes seventeen years after his conviction for malicious assault and ten years after the denial of his first state habeas petition, Widmyer contends that his default of Ground A is "excused because the Supreme Court waited until 2016 to clearly articulate its rationale for holding assault is a lesser include offense of malicious assault" (Dkt. No. 112 at 4).

While the court in <u>Henning</u> did find that misdemeanor assault is a lesser included offense of malicious assault, Widmyer's reliance on <u>Henning</u> in the context of procedural default is misplaced. As found by the Circuit Court in its order denying his second habeas petition, Widmyer's claim asserting that the lesser included offense instruction should have been given was "finally adjudicated on [its] merits" during his prior habeas proceeding (Dkt. No. 88-29 at 22). In its order denying Widmyer's first habeas petition, the Circuit Court concluded that the evidence at trial was insufficient to support giving such an instruction (Dkt. No.

88-20). Specifically, it found that the State had presented evidence of Widmyer's "malicious attitude toward his murdered wife, Tara, and her then boyfriend, Miller," and further found that the jury could have inferred malice from the use of a deadly weapon, as the trial court had instructed. Id. at 17. The court concluded that, because there was no evidence to support giving a lesser included offense instruction, such an instruction "would have been improper" under West Virginia law. Id.

Thus, it is clear that the Supreme Court of Appeals' holding in Henning, which merely clarifies that assault is, in fact, a lesser included offense of malicious assault, is ultimately irrelevant to the habeas court's denial of Widmyer's claim, as well as the court's subsequent finding that the claim had been fully adjudicated during the prior habeas proceeding. Consequently, Widmyer has failed to establish "an unavailability of the factual or legal basis" for his claim, Coleman, 501 U.S. at 753, or that he was otherwise "impeded or obstructed" in complying with West Virginia's established procedures. Martinez, 566 U.S. at 13. Accordingly, he has failed to establish "cause" for his procedural default.[2]

_____

[2] Because Widmyer has not demonstrated cause for his procedural default, the Court need not consider the prejudice

18

MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 105]

Furthermore, Widmyer does not allege that a "fundamental miscarriage of justice" will occur if the Court does not consider the merits of Ground A. Coleman, 501 U.S. at 750. Nor has he established that he is actually innocent of the crime for which he was convicted. See Prieto v. Zook, 791 F.3d 465, 469 (4th Cir. 2015)(noting that, in order to establish a "fundamental miscarriage of justice," a petitioner must prove that "a constitutional violation has probably resulted in the conviction of one who is actually innocent")(internal citations omitted).

In conclusion, although Widmyer properly exhausted grounds A, B, D, E, F, I, and J, he is barred nonetheless from raising them here because they were procedurally defaulted in state court. Moreover, Widmyer has failed to establish "cause and prejudice" or a "miscarriage of justice" sufficient to overcome the resulting procedural bar. Therefore, the Court **OVERRULES** Widmyer's objection.

**B.    Sufficiency of the Evidence**

Widmyer's further objections to the R&R focus almost exclusively on the same legal arguments he raised before the magistrate judge (Dkt. No. 112). These reiterations and general objections, all of which were fairly and fully addressed in the

element. Cole, 328 F. App'x at 159.

R&R, place the Court under no obligation to conduct a de novo review. Diamond, 414 F.3d at 315. When liberally construed, Widmyer objects to the R&R's evaluation of the sufficiency of the evidence. Accordingly, this Court will review de novo only those portions of the magistrate judge's findings. The remaining portions will be reviewed for clear error.

In Ground C of the Petition, Widmyer contends that there is insufficient evidence to support his conviction for breaking and entering (Dkt. No. 1). Specifically, he argues that "there was no evidence that he entered the townhouse with the intent to commit a homicide, as charged in the indictment." Id. at 11. Having reviewed the trial transcript, the Court concludes that the state courts' rejection of this claim comports with a reasonable application of substantive federal law.

An essential element of the "due process guaranteed by the Fourteenth Amendment [is] that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof." Jackson v. Virginia, 443 U.S. 307, 316 (1979). Before passage of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), the Supreme Court asked "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a

reasonable doubt." <u>Id.</u> at 319. "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." <u>Id.</u> Under 28 U.S.C. § 2254(d)(1), courts similarly ask "whether a state court determination that the evidence was sufficient to support a conviction was an 'objectively unreasonable application of [the standard enunciated in] Jackson.'" <u>Williams v. Ozmint</u>, 494 F.3d 478, 489 (4th Cir. 2007) (alteration in original) (quoting <u>Sarausad v. Porter</u>, 479 F.3d 671, 677 (9th Cir. 2007)).

Evidence is sufficient to support a conviction in the Fourth Circuit if "there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction." <u>United States v. Palacios</u>, 677 F.3d 234, 248 (4th Cir. 2012) (quoting <u>United States v. Jaensch</u>, 665 F.3d 83, 93 (4th Cir. 2011)). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (alteration in original) (quoting <u>United States v. Burgos</u>, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)).

Here, the evidence at trial was sufficient for the jury to have found the essential elements of breaking and entering beyond

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 105]**

a reasonable doubt. Although Widmyer specifically objected to the R&R's finding that "there was sufficient evidence from which a reasonable trier of fact could have found that Petitioner intended to kill Ms. Widmyer when he broke and entered into [a] vacant townhouse" (Dkt. No. 105 at 21), the State presented substantial evidence to support the jury's conclusion that Widmyer broke into the townhome at issue with the intent to murder his ex-wife Tara Widmyer ("Tara").

Following a visit with his daughter on the evening of November 16, 1998, Widmyer drove to a Dairy Queen parking lot located in Ranson, West Virginia, to return his daughter to her mother, Tara (Dkt. No. 88-3 at 185).[3] After dropping off his daughter, Widmyer drove to a nearby hospital, where he parked his car and retrieved a lug wrench. Id. at 186. From there, he walked to the duplex home where Tara resided with their daughter. Id.

At the duplex, Widmyer pried open the back door of the townhome located directly adjacent to Tara's townhome. Id. Widmyer entered the vacant townhome, with his lug wrench, and waited for

---

[3] At trial, the prosecutor read into evidence a redacted transcript of Widmyer's taped interview with Lieutenant Robert Roberts of the Ranson Police Department, recorded on November 19, 1998. The Court takes much of its recitation of the evidence relevant to the breaking and entering charge from Widmyer's own statement.

**MEMORANDUM OPINION AND ORDER ADOPTING**
**REPORT AND RECOMMENDATION [DKT. NO. 105]**

Tara to return home. <u>Id.</u> He watched for Tara through the townhome's windows and, in his statement to the police, explained that "[s]he finally came, but then she didn't get out. She drove around in her car. So I got mad and left." <u>Id.</u>

Widmyer then returned to his own car and drove to the church where Tara's father was a minister. <u>Id.</u> When Widmyer realized that Tara's father was not there, he became angry and broke several of the church's windows. <u>Id.</u> at 240. Widmyer next drove to his parents' home near Bunker Hill, West Virginia, where he retrieved three guns, including a .35 Marlin lever-action rifle ("lever rifle"). <u>Id.</u> at 190-93. After loading the weapons into his car, he returned to Ranson, stopping briefly at a trailer home owned by Tara's boyfriend, Larry Miller ("Miller"). <u>Id.</u> at 194.

Finally, Widmyer drove back to Tara's duplex, parked his car, and removed all three weapons. <u>Id.</u> at 159. He then approached the duplex on foot and looked into the window of Tara's townhome, where he saw her and Miller asleep together on the couch. <u>Id.</u> at 199. According to Widmyer, he "cut loose," using the lever rifle to fire approximately five shots through the townhome's window. <u>Id.</u> at 202. Widmyer told the police that he "shot [Tara] twice, then [] started shooting at [Miller]". <u>Id.</u> at 204. After the shooting, Widmyer

fled. Id. at 204-05. Tara died at the scene from her wounds, and Miller sustained significant injuries. Id. at 170.

Given the sequence of events immediately following his illegal entry into the vacant townhome, a reasonable finder of fact could conclude that the break-in was part of Widmyer's ongoing attempt to murder Tara, which occurred shortly thereafter. Thus, when viewing the evidence in favor of the prosecution, as it must, the Court concludes that the sum of the testimony at trial constitutes adequate evidence upon which the jury could base its conclusion that Widmyer was guilty of breaking and entering beyond a reasonable doubt. The Court therefore **OVERRULES** Widmyer's objection.

### V. CONCLUSION

Following a de novo review of Widmyer's specific objections, and finding no clear error in those portions of the R&R not specifically objected to, the Court:

1). **ADOPTS** the R&R in its entirety (Dkt. No. 105);

2). **GRANTS** Ballard's motion for summary judgment (Dkt. No. 88);

3). **DENIES** Widmyer's motion to deny respondent's motion for summary judgment (Dkt. No. 96);

**4).  OVERRULES** Widmyer's objections (Dkt. No. 112); and

**5).  DENIES** Widmyer's petition and **DISMISSES** this case **WITH PREJUDICE.**

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2254(a).

The Court finds that it is inappropriate to issue a certificate of appealability in this matter because Widmyer has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record,

the Court finds that Widmyer has not made the requisite showing, and **DENIES** a certificate of appealability.

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and to the pro se petitioner, certified mail, return receipt requested. The Clerk is further **DIRECTED** to enter a separate judgment order and to remove this case from the Court's active docket.

DATED: March 28, 2018.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE