```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**WILLIAM TRAMPAS WIDMYER,**

        **Petitioner,**

**v.**                            **CIVIL ACTION NO. 1:10CV84**
                                                **(Judge Keeley)**

**WARDEN DAVID BALLARD,**

        **RESPONDENT.**

**MEMORANDUM OPINION AND ORDER DISMISSING PETITIONER'S RULE 60(B) MOTIONS FOR RELIEF FROM JUDGMENT [DKT. NOS. 165, 166, 168] AND DENYING CERTIFICATE OF APPEALABILITY**

Pending are the second, third, and fourth motions of the petitioner, William Trampas Widmyer ("Widmyer"), filed pursuant to Federal Rule of Civil Procedure 60(b) (Dkt. No. 165). For the reasons that follow, the Court **DISMISSES** these motions as unauthorized second and successive § 2254 petitions.

### I.   BACKGROUND

On March 28, 2018, the Court entered an Order adopting the Report and Recommendation of the Honorable James E. Seibert, Magistrate Judge, and denying Widmyer's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2254 (Dkt. No. 113). Following dismissal of his appeal by the United States Court of Appeals for the Fourth Circuit, Widmyer filed a motion pursuant to Federal Rule of Civil Procedure 60(b) seeking relief from the Court's Order (Dkt. Nos. 124, 128). Because Widmyer's motion presented claims subject to the requirements for successive habeas

**MEMORANDUM OPINION AND ORDER DISMISSING PETITIONER'S RULE 60(B) MOTIONS FOR RELIEF FROM JUDGMENT [DKT. NOS. 165, 166, 168] AND DENYING CERTIFICATE OF APPEALABILITY**

applications, as well as claims cognizable under Rule 60(b), the Court characterized it as a mixed petition and directed Widmyer to provide notice as to whether he would elect to delete improper claims or wished to pursue the entire Rule 60(b) motion as a successive application (Dkt. No. 142 at 7). See United States v. McRae, 793 F.3d 392, 400 (4th Cir. 2015).

On February 4, 2020, Widmyer deleted claims of alleged defects in his state court proceedings, including first, that the state judge who had recused himself from Widmyer's first state habeas petition should have done so in his second habeas petition, and, second, that the five justices of the West Virginia Supreme Court of Appeals ("WVSCA") who denied his state appeals were corrupt (Dkt. No. 142 at 6). On February 26, 2020, the Court addressed Widmyer's remaining Rule 60(b) arguments and denied his motion after finding he had not established circumstances justifying the relief sought (Dkt. No. 149).

Widmyer requested but was denied a certificate of appealability in this Court on March 17, 2020 (Dkt. Nos. 151, 158). He then noticed his appeal to the Court of Appeals for the Fourth Circuit, which denied his request for a certificate of appealability because of his failure to make a "substantial showing of the denial of a constitutional right." (Dkt. Nos. 152, 160); see 28 U.S.C. § 2253(c)(2).

**MEMORANDUM OPINION AND ORDER DISMISSING PETITIONER'S RULE 60(B) MOTIONS FOR RELIEF FROM JUDGMENT [DKT. NOS. 165, 166, 168] AND DENYING CERTIFICATE OF APPEALABILITY**

On February 22, 2021, Widmyer filed a second Rule 60(b) motion, alleging yet again the previously deleted defects in his state court proceedings related to the judge and justices who presided over his case (Dkt. No. 165). He then filed a third Rule 60(b) motion on June 21, 2021, alleging that the state court had erred in concluding an omnibus hearing had been conducted on his first state habeas petition (Dkt. No. 166). He also alleged that this Court had erred when it found that eight (8) of his fourteen (14) grounds for relief were procedurally barred by an adequate and independent state law ground. Id. at 2, 7, 9-20.

On September 1, 2021, Widmyer filed a fourth Rule 60(b) motion, in which he reiterated his previous claims and, when liberally construed, an additional challenge to the legality of the state omnibus hearing based on an alleged recent change in West Virginia law (Dkt. No. 168 at 3–5). Widmyer's second, third, and fourth Rule 60(b) motions are ripe for decision[1] and the Court turns to address them seriatim.

## II.   STANDARD OF REVIEW

A petitioner seeking relief under Federal Rule of Civil Procedure 60(b) must first meet the following threshold requirements: (1) the motion must be filed on just terms; (2)

---

[1] On September 15, 2021, Widmyer filed additional exhibits in support of his pending motions (Dkt. No. 169).

Case 1:10-cv-00084-IMK Document 170 Filed 09/17/21 Page 4 of 12 PageID #: 2777

WIDMYER V. BALLARD 1:10CV84

**MEMORANDUM OPINION AND ORDER DISMISSING PETITIONER'S RULE 60(B) MOTIONS FOR RELIEF FROM JUDGMENT [DKT. NOS. 165, 166, 168] AND DENYING CERTIFICATE OF APPEALABILITY**

within a reasonable time; (3) have a meritorious claim or defense; and (4) the opposing party must not be unfairly prejudiced by having the judgment set aside. Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011) (en banc) (citing Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). Once a movant makes this threshold showing, he must demonstrate that he is entitled to relief under one of the six subsections of Rule 60(b). Heyman v. M.L. Mktg. Co., 116 F.3d 91, 94 (4th Cir. 1997). These include:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; applying it prospectively is no longer equitable; or
> (6) any other reason that justified relief.[2]

Fed. R. Civ. P. 60(b).

In Gonzalez v. Crosby, 545 U.S. 524, 531 (2005), the Supreme Court of the United States directed district courts to treat Rule 60(b) motions containing certain habeas claims as second or

---

[2] The Fourth Circuit has held that the final reason, the "catchall" provision, must be invoked only in "extraordinary circumstances when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5). Aikens, 652 F.3d at 500 (internal citations omitted).

Case 1:10-cv-00084-IMK   Document 170   Filed 09/17/21   Page 5 of 12   PageID #: 2778

**WIDMYER V. BALLARD**                                                    1:10CV84

**MEMORANDUM OPINION AND ORDER DISMISSING PETITIONER'S RULE 60(B)
MOTIONS FOR RELIEF FROM JUDGMENT [DKT. NOS. 165, 166, 168]
AND DENYING CERTIFICATE OF APPEALABILITY**

successive habeas petitions. When a movant argues under Rule 60(b) that the district court should reopen his § 2254 motion because he advances a new claim, has discovered new evidence, or the law has changed, the motion is "in substance a successive habeas petition and should be treated accordingly." Id.

A Rule 60(b) motion advances a new claim and should be treated as a successive petition when it "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits." Id. at 532; see also McRae, 793 F.3d at 397. On the other hand, when a motion alleges "some defect in the integrity of federal habeas proceedings," the Court should construe the motion as a true Rule 60(b) motion. Gonzalez, 545 U.S. at 532; McRae, 793 F.3d at 397.

A successive habeas petition, of course, "may not be filed in district court without preauthorization from a court of appeals . . . ." McRae, 793 F.3d at 397 (citing 28 U.S.C. § 2244(b)(3)(A)). Without preauthorization, the Court must dismiss the petition for lack of jurisdiction. See, e.g., United States v. Williams, 642 F. App'x 283, 2016 WL 1259514, at *1 (4th Cir. Mar. 31, 2016) (affirming the district court's order construing the Rule 60(b) motion as a successive § 2255 motion and dismissing it for lack of jurisdiction).

Case 1:10-cv-00084-IMK   Document 170   Filed 09/17/21   Page 6 of 12   PageID #: 2779

**WIDMYER V. BALLARD**                                                        1:10CV84

**MEMORANDUM OPINION AND ORDER DISMISSING PETITIONER'S RULE 60(B) MOTIONS FOR RELIEF FROM JUDGMENT [DKT. NOS. 165, 166, 168] AND DENYING CERTIFICATE OF APPEALABILITY**

### III. ANALYSIS

Here, the Court must first determine whether any of Widmyer's grounds for relief are cognizable under Rule 60(b), or if by nature they are habeas claims subject to the requirements governing successive applications.

Widmyer's first and second grounds for relief relate to alleged defects in his state court proceeding. He first asserts that the judge who recused himself from his first state habeas petition also should have declined to hear his second habeas petition. Second, he contends that the justices of the WVSCA who denied his state appeals were corrupt (Dkt. No. 165). The Court previously notified Widmyer that such grounds are not true Rule 60(b) arguments and that it lacked jurisdiction to address them (Dkt. No. 142). Although Widmyer elected to delete these claims from his initial mixed petition (Dkt. No. 144), he attempts to reassert them in his second Rule 60(b) motion (Dkt. No. 165). But, as the Court previously has determined, such claims of error in his state conviction do not relate to the integrity of the federal habeas proceeding. Therefore, because Widmyer's allegations present new claims for relief from the state court's judgment, his motion is "in substance a successive habeas petition and should be treated accordingly." Gonzalez, 545 U.S. at 531; see also Gilkers v. Vannoy, 904 F.3d at 344, 346 n.9 (5th Cir. 2018) (concluding

Case 1:10-cv-00084-IMK   Document 170   Filed 09/17/21   Page 7 of 12   PageID #: 2780

**WIDMYER V. BALLARD**                                              1:10CV84

**MEMORANDUM OPINION AND ORDER DISMISSING PETITIONER'S RULE 60(B)
MOTIONS FOR RELIEF FROM JUDGMENT [DKT. NOS. 165, 166, 168]
AND DENYING CERTIFICATE OF APPEALABILITY**

that a motion was not a true Rule 60(b) motion when it alleged a defect in the integrity of the state post-conviction proceedings and not a defect with respect to § 2254 proceedings); Hicks v. Virginia, 2017 WL 1963900 (May 11, 2017, E.D. Va.) (same).

Widmyer's third ground for relief, that the state habeas court and the WVSCA erred in finding there had been a meaningful omnibus hearing on his first state habeas petition, is based on an alleged defect in his state court proceedings is not cognizable under Rule 60(b). Gonzalez, 545 U.S. at 531.

Widmyer's fourth contention, that this Court erred in concluding that eight of his grounds for relief were procedurally barred by an adequate and independent state law ground, is an attack on the Court's previous resolution of his § 2254 petition on the merits (Dkt. Nos. 166 at 7, 9-20; 168 at 4-5). In the Fourth Circuit, a dismissal of a habeas petition for procedural default is "by every reckoning, . . . a dismissal on the merits." Harvey v. Horan, 278 F.3d 379-80 (4th Cir. 2002). Accordingly, this allegation should be treated as a habeas claim, rather than an argument under Rule 60(b). Gonzalez, 545 U.S. at 532; McRae, 793 F.3d at 397.

Finally, Widmyer argues that the WVSCA's recent holding in Dement v. Pszczolkowski, 859 S.E.2d 732, 734 (W. Va. 2021), marked a substantive change in West Virginia law regarding what

Case 1:10-cv-00084-IMK   Document 170   Filed 09/17/21   Page 8 of 12 PageID #: 2781

**WIDMYER V. BALLARD**                                                              1:10CV84

**MEMORANDUM OPINION AND ORDER DISMISSING PETITIONER'S RULE 60(B) MOTIONS FOR RELIEF FROM JUDGMENT [DKT. NOS. 165, 166, 168] AND DENYING CERTIFICATE OF APPEALABILITY**

constitutes a meaningful evidentiary hearing on his state habeas claim. When liberally construed, Widmyer's argument is that, had his second state habeas petition been filed post-Dement, the state court would not have concluded there had been a meaningful omnibus hearing on his first habeas petition, or that it was res judicata as to all matters raised or, with reasonable diligence, could have been known at the time he filed his first habeas petition (Dkt. No. 88-29 at 19; 22).

Widmyer's argument that Dement substantially changed West Virginia law is misplaced. In Dement, West Virginia's highest court applied longstanding principles of West Virginia habeas law and concluded on the facts before it that the lower court had failed to hold a meaningful evidentiary hearing on the appellee's habeas petition and had failed to provide sufficient findings in its order denying relief. Dement, 859 S.E.2d at 742. Moreover, even if Widmyer's argument had merit, which it does not, any argument under Rule 60(b) that the Court should reopen his § 2254 motion based on a change in the law is in substance a successive habeas petition. Gonzalez, 545 U.S. at 531.

Thus, each ground for relief raised in Widmyer's Rule 60(b) motions is subject to the requirements of successive habeas applications. To be considered successive, the first petition must have been dismissed on the merits. Harvey, 278 F.3d at 370. In its

Case 1:10-cv-00084-IMK Document 170 Filed 09/17/21 Page 9 of 12 PageID #: 2782

WIDMYER V. BALLARD                                                                  1:10CV84

**MEMORANDUM OPINION AND ORDER DISMISSING PETITIONER'S RULE 60(B)
MOTIONS FOR RELIEF FROM JUDGMENT [DKT. NOS. 165, 166, 168]
AND DENYING CERTIFICATE OF APPEALABILITY**

Order denying Widmyer's § 2254 petition, the Court concluded that each of his claims was procedurally defaulted or without merit and dismissed the entire petition on the merits. See Harvey, 278 F.3d at 379-80 (joining other circuit courts in holding that a "dismissal for procedural default is a dismissal on the merits for purposes of determining whether a habeas petition is successive").

Accordingly, pursuant to 28 U.S.C. § 2244(b)(3), prior to filing a successive petition in the district court, Widmyer must seek an order from the Fourth Circuit authorizing the district court to consider the application. As he has not obtained such authorization, this Court is without jurisdiction to address Widmyer's claims.

## IV.   CERTIFICATION OF LEGAL QUESTIONS

In his second Rule 60(b) motion, Widmyer requested that the Court certify two legal questions to the WVSCA, as follows:

1) What is the definition of Cause and Prejudice?

2) Is a State Courts [sic] Erroneous Finding that a Claim(s) is procedurally barred, resulting in the Federal Habeas Court finding the Same, grounds for Rule 60(B)(6) relief because it attack [sic] the integerity [sic] of the habeas proceeding ?

(Dkt. No. 166 at 21).

West Virginia has enacted the Uniform Certification of Questions of Law Act, ("UCQLA"), W. Va. Code § 51-1A-1, et seq., permitting the WVSCA to answer certain questions of law certified

**MEMORANDUM OPINION AND ORDER DISMISSING PETITIONER'S RULE 60(B) MOTIONS FOR RELIEF FROM JUDGMENT [DKT. NOS. 165, 166, 168] AND DENYING CERTIFICATE OF APPEALABILITY**

to it by a federal court. But, as the Supreme Court has explained, the prerequisite for certification is a "[n]ovel, unsettled question[ ] of state law." Arizonans for Official English v. Arizona, 520 U.S. 43, 56–62, (1997).

Because Widmyer's proposed questions involve issues of federal law, not state law, certification is inappropriate. Both of Widmyer's proposed questions request that the WVSCA interpret distinctly federal issues. As to his first question, under federal habeas law, a petitioner may advance procedurally defaulted claims under § 2254 if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." Coleman v. Thompson, 501 U.S. 722, 729 (1991). Applying federal case law, the Court previously concluded that Widmyer had failed to demonstrate "cause and prejudice." Widmyer now seeks the WVSCA's interpretation of this federal standard. Likewise, his second question improperly asks the WVSCA to analyze federal habeas law and the Federal Rules of Civil Procedure and advise this Court as to when it may address Widmyer's claims pursuant to Rule 60(b) rather than as a successive habeas claim. The Court therefore declines to exercise its discretion to certify Widmyer's proposed questions to the WVSCA. See Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974) ("[Certification's] use in a given case rests in the sound discretion of the federal court.").

Case 1:10-cv-00084-IMK Document 170 Filed 09/17/21 Page 11 of 12 PageID #: 2784

**WIDMYER V. BALLARD** 1:10CV84

**MEMORANDUM OPINION AND ORDER DISMISSING PETITIONER'S RULE 60(B) MOTIONS FOR RELIEF FROM JUDGMENT [DKT. NOS. 165, 166, 168] AND DENYING CERTIFICATE OF APPEALABILITY**

## V. CONCLUSION

For the reasons discussed, the Court **DISMISSES** Widmyer's second, third, and fourth Rule 60(b) motions for lack of jurisdiction (Dkt. Nos. 165, 166, 168).

## VI. NO CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Id. The certificate of appealability requirement also applies to an order denying a Rule 60(b) motion in a habeas action. Reid v. Angelone, 369 F.3d 262, 369-370 (4th Cir. 2004).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Widmyer has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record,

**MEMORANDUM OPINION AND ORDER DISMISSING PETITIONER'S RULE 60(B) MOTIONS FOR RELIEF FROM JUDGMENT [DKT. NOS. 165, 166, 168] AND DENYING CERTIFICATE OF APPEALABILITY**

the Court concludes that Widmyer has failed to make the requisite showing and, therefore, **DENIES** issuing a certificate of appealability.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the pro se petitioner, certified mail, return receipt requested.

DATED: September 16, 2021

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE