IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM TRAMPAS WIDMYER,**

        Petitioner,

v.                                        CIVIL ACTION NO. 1:10CV84
                                                       (Chief Judge Kleeh)

**WARDEN DAVID BALLARD,**

        RESPONDENT.

**MEMORANDUM OPINION AND ORDER DENYING RULE 60(B) MOTION**

Pending are *1) Amended Motion for Relief of Judgement, Rule 60(b) and 2) Motion to Answer Legal Question* [ECF No. 188] ("Rule 60(b) Motion"), *Emergency Motion for Leave to Add Additional Arguments Based on New Precedent* [ECF No. 190], and *Emergency Motion Reconsidering Appointing Counsel* [ECF No. 193] of the petitioner, William Trampas Widmyer ("Widmyer"). The Court addresses each motion in turn below.

### I. PROCEDURAL POSTURE[1]

On September 1, 2021, Widmyer filed a fourth Rule 60(b) motion, in which he reiterated his previous claims and, when liberally construed, an additional challenge to the legality of the state omnibus hearing based on an alleged recent change in

---

[1] The procedural history of this case is detailed in the Court's Memorandum Opinion and Order entered on September 17, 2021 [ECF No. 170 at 1-3] and will not be repeated here.

West Virginia law [ECF No. 168 at 3-5]. On September 17, 2021, the Court dismissed Widmyer's second, third, and fourth Rule 60(b) motions for lack of jurisdiction, finding that they raised grounds for relief which were not cognizable under Rule 60(b), but instead were by nature habeas claims subject to the requirements governing successive applications [ECF Nos. 165, 166, 168]. ECF No. 170. Widmyer appealed this Court's decision [ECF No. 172].

On September 22, 2022, the United States Court of Appeals for the Fourth Circuit, by unpublished per curiam opinion, vacated and remanded the September 17, 2021, Memorandum Opinion and Order [ECF No. 170] of this Court, concluding that

> Widmyer's filings were a mixed Rule 60(b) motion/§ 2254 petition. Thus, the district court should have afforded Widmyer the opportunity to elect between deleting his successive § 2254 claims or having his entire motion treated as a successive § 2254 petition. *See McRae*, 793 F.3d at 400. Because the district court did not offer Widmyer this opportunity, we vacate the court's order and remand for further proceedings.

Widmyer v. Ballard, No. 21-7378, at *3 (4th Cir. Sept. 22, 2022) (per curiam); ECF No. 178. The mandate was filed on October 14, 2022, which notified the Court and parties that the Fourth Circuit Judgment took effect on that day. ECF No. 181; Fed. R. App. P. 41(a).

In accordance with the Fourth Circuit's opinion, the Court entered a Notice of Opportunity to Delete Improper Claims from

Petitioner's Rule 60(b) Motions [ECF Nos. 165, 166, and 168]. The Court directed Widmyer to notify the Court whether he elects to delete the improper 28 U.S.C. § 2254 claims or have the entire Rule 60(b) motion treated as a successive § 2254 application by no later than January 21, 2023. Widmyer timely filed the pending Rule 60(b) Motion [ECF No. 188] which is the subject of this Memorandum Opinion and Order.

## II.   STANDARD OF REVIEW

### A. Rule 60(b) Relief

"Rule 60(b) [of the Federal Rules of Civil Procedure] authorizes a district court . . . to relieve a party from a final judgment, order, or proceeding for any reason justifying relief from the operation of the judgment." Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011) (en banc) (cleaned up). A party seeking relief under Rule 60(b) must first meet the following threshold requirements: (1) timeliness; (2) a meritorious claim or defense; (3) no unfair prejudice to the opposing party by having the judgment set aside; and (4) exceptional circumstances. Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 299 (4th Cir. 2017); Heyman v. M.L. Mktg. Co., 116 F.3d 91, 94 n.3 (4th Cir. 1997); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). "Because the [threshold] requirements are described in

the conjunctive, [a movant] must meet them all." Wells Fargo, 859 F.3d at 299.

Once a movant makes this threshold showing, he must demonstrate that he is entitled to relief under one of the six subsections of Rule 60(b). Wells Fargo, 859 F.3d at 299. These include:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; applying it prospectively is no longer equitable; or
> (6) any other reason that justified relief.

Fed. R. Civ. P. 60(b). Rule 60(b)(6) requires "extraordinary circumstances" as "reason that justifies relief." Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011). Courts have defined Rule 60(b)(6) as a catchall provision such that a court may grant relief under the rule if the "action is appropriate to accomplish justice." Dowell v. State Farm Fire and Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993).

**B. Habeas Relief**

**MEMORANDUM OPINION AND ORDER DENYING RULE 60(B) MOTION**

Habeas relief is available under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), to state prisoners in "custody in violation of the Constitution or laws or treaties of the United States."[2] Habeas relief under § 2254 is only appropriate when the state court's adjudication of the claim either (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

The AEDPA imposes strict limits on the consideration of "second or successive" habeas petitions. Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior

---

[2] Violations of state law or procedure that do not implicate a specific federal provision do not warrant habeas review. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)(writing that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions" and that "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"). "It is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension." Wainwright v. Goode, 464 U.S. 78, 83 (1983).

application shall be dismissed." The Supreme Court of the United States has directed district courts to construe Rule 60(b) motions containing certain habeas claims as second or successive habeas petitions. Gonzalez v. Crosby, 545 U.S. 524, 531 (2005). When a petitioner moves under Rule 60(b) to reopen his § 2254 petition because he advances a new claim, has discovered new evidence, or the law has changed, the motion is "in substance a successive habeas petition and should be treated accordingly." Id.

A Rule 60(b) motion advances a new claim and should be treated as a successive habeas petition when it "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits." Id. at 532; see also McRae, 793 F.3d at 397. However, when a Rule 60(b) motion alleges a "defect in the integrity of federal habeas proceedings," the Court must consider the motion under Rule 60(b). Gonzalez, 545 U.S. at 532; McRae, 793 F.3d at 397.

Nonetheless, a successive habeas petition "requires preauthorization from a court of appeals . . . ." McRae, 793 F.3d at 397 (citing 28 U.S.C. § 2244(b)(3)(A)). Without preauthorization as dictated by the statute, the Court must dismiss the petition for lack of jurisdiction. United States v. Williams, 642 F. App'x 283, 2016 WL 1259514, at *1 (4th Cir. Mar. 31, 2016).

A petition is only second or successive if the original petition was adjudicated on the merits. See 28 U.S.C. § 2244(b).

### III. ANALYSIS

Although the Court gave Widmyer the opportunity to delete improper claim from his motion, it must again consider whether any of Widmyer's stated grounds for relief are properly brought under Rule 60(b) or whether they are grounds for supporting a successive habeas petition. Widmyer elected to delete improper claims from his initial mixed petition; however, he attempts to reassert them in the Rule 60(b) motion pending before the Court. Specifically, Widmyer "asserts that extraordinary circumstances exist, and asks that his Federal habeas be re-opened to determine if (cumulatively) the procedural default of [certain] Grounds . . . can be defeated, . . . that the Court answer the above mentioned legal questions[,] . . . [and] that a COA be granted on the above mentioned claims." ECF No. 188 at 12. The Court finds Widmyer brings his Rule 60(b) motion as an unauthorized successive habeas petition over which this Court has no jurisdiction.

**A. True Rule 60(b) Motion**

In his motion, Widmyer takes issue with this Court's reliance on Hicks v. Virginia, No. 3:16cv946, 2017 WL 1963900 (E.D. Va. May 11, 2017) because, he alleges, it is not a basis for denying him relief under Rule 60(b) and is not binding precedent on this Court.

ECF No. 188 at 4. This is Widmyer's only true Rule 60(b) argument but it has no merit. While Hicks is not binding precedent over this Court, it is persuasive authority upon which this Court can rely in its discretion. Most importantly, the Court's secondary citation to Hicks followed Gonzalez, which held that a Rule 60(b) motion is "in substance a successive habeas petition and should be treated accordingly." Gonzalez, 545 U.S. at 531. Of course, Gonzalez being an opinion issued by the Supreme Court of the United States, is binding precedent which this Court is obligated to faithfully apply and follow. Having failed to make the requisite showing under Rule 60(b), Widmyer's sole Rule 60(b) claim is denied.

**B. Successive Habeas**

The rest of Widmyer's contentions fall under habeas relief over which this Court has no jurisdiction. Three of Widmyer's grounds for relief again relate to alleged defects in his state court proceeding. First Widmyer argues Losh v. McKenzie, 166 W. Va. 762, 277 S.E.2d 606 (W. Va. 1981) is "not statutory, therefore, it should not be a valid basis for Barring a Petitioners claims as Procedural Default." ECF No. 188 at 1. Second, Widmyer argues the fact that his state habeas proceeding was procedurally defaulted was in error, and that he retains a right to be heard in a habeas proceeding. Id. at 5. Third, Widmyer argues that the judge who

recused himself from his first state habeas petition, Judge Sanders, should have recused himself from the second habeas petition, and the Court failed to examine hearing procedures under West Virginia Code § 53-4A-1. Id. at 6-9.

The Court has twice notified Widmyer that such grounds are not true Rule 60(b) arguments and that it lacked jurisdiction to address them [ECF Nos. 142, 170]. Although Widmyer elected to delete these claims from his initial mixed petition [ECF No. 144], he again attempts to reassert them in this Rule 60(b) motion. But, as this Court previously has determined, these claims of error in Widmyer's state conviction do not relate to the integrity of the federal habeas proceeding and are considered new claims for relief. Therefore, the Rule 60(b) motion is "in substance a successive habeas petition and should be treated accordingly." Gonzalez, 545 U.S. at 531; see also Gilkers v. Vannoy, 904 F.3d at 344, 346 n.9 (5th Cir. 2018) (concluding that a motion was not a true Rule 60(b) motion when it alleged a defect in the integrity of the state post-conviction proceedings and not a defect with respect to § 2254 proceedings); Hicks v. Virginia, 2017 WL 1963900 (May 11, 2017, E.D. Va.) (same).

Widmyer next contends that this Court erred in concluding his § 2254 petition was procedurally barred by an adequate and independent state law ground. ECF No. 188 at 6. A dismissal of a

habeas petition for procedural default is "by every reckoning, . . . a dismissal on the merits." Harvey v. Horan, 278 F.3d 370, 379-80 (4th Cir. 2002) (abrogated on other grounds by Skinner v. Switzer, 562 U.S. 521, 524 (2011)). Accordingly, this claim should be treated as an attempted successive habeas claim, rather a Rule 60(b) argument. Gonzalez, 545 U.S. at 532; McRae, 793 F.3d at 397.

Next Widmyer takes issue with this Court's deduction of Widmyer's previous filings regarding Dement v. Pszczolkowski, 859 S.E.2d 732, 734 (W. Va. 2021) and contends there is a circuit split on the issue of cumulative error doctrine and that it is a novel issue of law in this Circuit. Even if this argument had merit, which it does not, any assertion under Rule 60(b) that the Court should reopen his § 2254 motion based on a change in the law is in substance a successive habeas petition. Gonzalez, 545 U.S. at 531.

Thus, these grounds for relief raised in Widmyer's Rule 60(b) motion are subject to the requirements of successive habeas applications. Having previously found Widmyer's § 2254 petition was dismissed on the merits [ECF No. 170 at 9], the instant Rule 60(b) motion is considered successive. Harvey, 278 F.3d at 370, 379-80 (a "dismissal for procedural default is a dismissal on the merits for purposes of determining whether a habeas petition is successive").

There is no indication that Widmyer sought leave from the United States Court of Appeals for the Fourth Circuit to file the § 2254 petition in this matter. Before the Petitioner attempts to file another petition in the United States District Court for the Northern District of West Virginia, he must seek and obtain leave from the Fourth Circuit. See Gonzalez, 545 U.S. at 530 ("[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions."); see also Richardson v. Thomas, 930 F.3d 587, 595 (4th Cir. 2019)(recognizing the primacy of § 2244(b) over Fed. R. Civ. P. 60(b) when a district court considers successive habeas requests by state prisoners alleging violations of federal constitutional rights).

Accordingly, Widmyer's unauthorized successive 28 U.S.C. § 2244 petition must be denied for lack of jurisdiction. ECF No. 188. Indeed, prior to filing a successive petition in the district court, Widmyer must seek an order from the Fourth Circuit authorizing the district court to consider the application. McRae, 793 F.3d at 397. Widmyer has not obtained such authorization; therefore, this Court is without jurisdiction to address Widmyer's claims.

**C. Certification of Legal Questions**

Widmyer also moves the Court to answer legal questions. The Court construes this motion as a motion to certify question. The questions are:

1. Can a habeas petitioner defeat a procedural default due to cumulative errors in the State habeas proceedings? If so, Can a reviewing Court use both Martinez and Coleman together to determine if cause and Prejudice has been shown?

2. Does a habeas petitioner have a procedural autonomy right to assist habeas counsel because in order for the petitioner to comply with the State procedural rule, Petitioner must raise all claims for habeas relief in one proceeding, regardless if Counsel agrees to raise the claim or not?

ECF No. 188 at 11-12.

West Virginia has enacted the Uniform Certification of Questions of Law Act, W. Va. Code § 51-1A-1, et seq., which provides:

> The supreme court of appeals of West Virginia may answer a question of law certified to it by any court of the United States . . . if the answer may be determinative of an issue in a pending cause in the certifying court and if there is no controlling appellate decision, constitutional provision or statute of this state.

W. Va. Code § 51-1A-3. The District Court has the authority to certify questions of West Virginia state law to the Supreme Court of Appeals of West Virginia, which has discretion to accept or reject the certified issues. See Cain v. XTO Energy Inc., No. 11CV111, 2013 WL 12164642, at *1 (N.D.W. Va. Mar. 28, 2013). Certification is "particularly appropriate" for novel questions of state law and is meant "to resolve ambiguities or unanswered questions" of state law. Lehman Bros. v. Schein, 416 U. S. 386, 391 (1974); Abrams v. W. Va. Racing Comm'n, 263 S.E.2d 103, 106 (W. Va. 1980). The prerequisite for certification is a "[n]ovel, unsettled question[ ] of state law." Arizonans for Official English v. Arizona, 520 U.S. 43, 56-62, (1997). It is within a district court's sound discretion to certify a question. Schein, 416 U.S. at 391.

Certification here is inappropriate. Again, Widmyer's proposed questions involve issues of federal law, not state law. See ECF No. 166 at 21; ECF No. 170. These questions require interpretation of federal issues. As to his first question, under federal habeas law, a petitioner may advance procedurally defaulted claims under § 2254 if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." Coleman v. Thompson, 501 U.S. 722, 729 (1991). This Court, relying on federal law, previously concluded that

Widmyer failed to demonstrate "cause and prejudice," and certification of this question to the Supreme Court of Appeals of West Virginia would be inappropriate. W. Va. Code § 51-1A-3.

As to his second question, Widmyer again asks for interpretation of federal law. In its discretion, the Court declines to certify Widmyer's proposed questions to the WVSCA. Schein, 416 U.S. at 391. To the extent Widmyer attempts to certify legal questions to this Court or to the Fourth Circuit, see ECF No. 188 at 12 n.2, such a request is improper and likewise denied.

**D. Request for Counsel**

Turning to the motion to appoint counsel, the Fourth Circuit Court of Appeals has recognized that "[t]here is no right to counsel in post-conviction proceedings." Hagie v. Pinion, 995 F.2d 1062 (4th Cir. 1993) (citing Pennsylvania v. Finley, 481 U.S. 551, 556-57 (1987)). In Pennsylvania v. Finley, the Supreme Court stated "the equal protection guarantee of the Fourteenth Amendment does not require the appointment of an attorney for an indigent appellant just because an affluent defendant may retain one. 'The duty . . . under our cases is not to duplicate the legal arsenal that may be privately retained by a criminal defendant in a continuing effort to reverse his conviction, but only to assure the indigent defendant an adequate opportunity to present his claims . . . .'" 481 U.S. at 556 (quoting Ross v. Moffitt, 417

U.S. 600, 616 (1974)). Accordingly, the Motion for appointment of counsel is **DENIED**. ECF No. 193.

### E. Certificate of Appealability

A final order in a federal habeas proceeding is not appealable without a certificate of appealability. 28 U.S.C. § 2253(c); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Widmyer has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). "When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong." United States v. Manning, 785 F. App'x 970, 971 (4th Cir. 2019) (citing Slack v. McDaniel, 529 U.S. 473,484 (200); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003)). Upon review, the Court concludes that Widmyer has failed to make the requisite showing

and, therefore, **DENIES** issuing a certificate of appealability.

### IV.   CONCLUSION

For the foregoing reasons, Widmyer's Rule 60(b) Motion [ECF No. 188] and *Emergency Motion Reconsidering Appointing Counsel* [ECF No. 193] are **DENIED**. Because the Court considered Widmyer's additional arguments made in his *Emergency Motion for Leave to Add Additional Arguments Based on New Precedent* [ECF No. 190], the Court **GRANTS** the motion.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the pro se petitioner, certified mail, return receipt requested.

**DATED**: September 14, 2023

*/s/ Tom S. Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA